UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AUSTIN D. MARTIN and ABBRA GREEN,<br><br>　　　　　　Petitioners,<br><br>　vs.<br><br>THE HONORABLE DERRICK K. WATSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A FEDERAL JUDGE OF THE DISTRICT COURT THE UNITED STATES,<br><br>　　　　　　Respondent. | CIV. NO. 22-00466 LEK-WRP |

**ORDER DISMISSING PETITIONERS' VERIFIED EMERGENCY CAUSE OF ACTION WITH PREJUDICE AND DENYING AS MOOT PETITIONERS' APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On October 30, 2022, pro se Petitioners Austin D Martin ("Martin") and Abbra L Green ("Green") filed their Verified Emergency Cause of Action ("Complaint") and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Complaint is hereby dismissed with prejudice. In other words, Martin and Green will not be allowed to file an amended complaint in this case, and the case will be closed. In light of the dismissal with prejudice, it is not

necessary for this Court to rule upon the merits of the Application.

## BACKGROUND

### I. CV 22-444

On October 11, 2022, Martin and Green filed a Verified Notice of Removal in Abbra L Green, et al. v. The Honorable M. Kanani Laubach, CV 22-00444 DKW-KJM ("CV 22-444"). [CV 22-444, dkt. no. 1 ("CV 22-444 Notice of Removal").] Martin and Green were attempting to remove State of Hawai`i v. Abbra L Green, No. 3DCW-21-0002065, pursuant to 42 U.S.C. § 1443. [Id. at § 1.1.] According to the state judiciary's electronic filing system, the case was a criminal prosecution against Green that was pending in the State of Hawai`i Third Circuit Court, North and South Hilo Division ("state court" and "State Court Prosecution") at the time of the attempted removal, and Respondent The Honorable M. Kanani Laubach ("Judge Laubach") was the presiding judge. Similar to the Complaint in the instant case, the CV 22-444 Notice of Removal identified Martin and Green as the petitioners and Judge Laubach as the respondent. See id. at pg. 1.

CV 22-444, a civil case, was opened, and a Deficiency Order was issued because Martin and Green neither paid the filing fee for a civil action nor filed an application to proceed *in forma pauperis*. See CV 22-444, Deficiency Order,

2

filed 10/11/22 (dkt. no. 3).  On October 12, 2022, Martin and Green filed an Application to Proceed in District Court Without Prepaying Fees or Costs  [Id., dkt. no. 5.]

On October 14, 2022, United States District Judge Derrick K. Watson, a respondent in the instant case ("Judge Watson"), issued an order remanding CV 22-444 to the state court.  [CV 22-444, Order (1) Remanding Action to State Circuit Court for Lack of Subject Matter Jurisdiction; and (2) Denying as Moot Application to Proceed Without Prepayment of Fees or Costs, filed 10/14/22 (dkt. no. 6) ("CV 22-444 Remand Order").] On October 24, 2022, Martin and Green filed a notice of appeal from the CV 22-444 Remand Order.  [Id., dkt. no. 16.]  A summons was not issued in CV 22-444, and Judge Laubach did not appear in the case.

Martin and Green's appeal from the CV 22-444 Remand Order remains pending before the Ninth Circuit Court of Appeals.

II. **The Instant Case**

In the instant case, Martin and Green seek a declaratory judgment that CV 22-444 "was subject to prejudice with intention[,]" and they allege "there were violations of the federal law, the constitution, and fundamental law" in CV 22-444.  [Complaint at 2.]  Martin and Green, however, emphasize that, in light of their pending appeal of the CV 22-444 Remand Order, the Complaint in the instant case "shall not be construed

3

as an attempt to 'appeal' the orders in" CV 22-444. [Id.] Martin and Green argue that, among other things, the orders in CV 22-444: did not cite the correct statute under which they sought removal of the case; and misspelled Judge Laubach's name. [Id.] Martin and Green also argue a similar error regarding their basis for removal was made in another case that they filed. [Id. at 3 (citing Abbra L. Green, et al. v. M. Kanani Laubach, CV 22-00462 DKW-WRP).] Martin and Green argue these errors show that, in CV 22-444, Judge Watson acted intentionally to prejudice their interests. Specifically, they seek a "declaratory judgement without relief to admit the extrinsic, dispositive fact, that the action was subjected to prejudice with intention." [Id. at 4.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C.

4

> § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

5

>   may dismiss cases *sua sponte* pursuant to Rule
>   12(b)(6) without notice where plaintiff could not
>   prevail on complaint as alleged). . . .

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## **DISCUSSION**

Martin and Green's claim for declaratory relief against Judge Watson arises from his actions in CV 22-444. It is not clear from the Complaint what Martin and Green's claim for declaratory relief against Judge Laubach is based upon. Because Martin and Green are proceeding pro se, this Court must liberally construe their pleadings. See Eldridge, 832 F.2d at 1137. Liberally construing their filings in this case, in the context of their filings in CV 22-444, Martin and Green's claim against Judge Laubach appears to arise from her actions in the State Court Prosecution.

>   "It is well established that judges are
>   absolutely immune from liability for acts done by
>   them in the exercise of their judicial
>   functions." Sakuma v. Ass'n of Condominium
>   Owners of Tropics at Waikele, Civil No. 08-00502
>   HG-KSC, 2009 WL 89119, at *3 (D. Hawai`i Jan. 13,
>   2009) (citing Miller v. Davis, 521 F.3d 1142,
>   1145 (9th Cir. 2008); Mullis v. Bankr. Ct. for
>   the Dist. of Nevada, 828 F.2d 1385, 1388 (9th
>   Cir. 1987), *cert. denied*, 486 U.S. 1040, 108 S.
>   Ct. 2031, 100 L. Ed. 2d 616 (1988)).

6

> Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)). Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted).

Id. (some alterations in Sakuma).

Guity v. Hawai`i, CIV. NO. 21-00055 LEK-KJM, 2022 WL 106110, at *3 (D. Hawai`i Jan. 11, 2022) (alterations in Guity) (some citations omitted).  There are two limitations to the application of absolute judicial immunity: judicial acts "'committed in the complete absence of all jurisdiction'"; and

7

actions that do not constitute judicial acts.  Id. (quoting and citing Sakuma, 2009 WL 89119, at *3, *4).

Martin and Green's claim for declaratory relief against Judge Watson and Judge Laubach is based upon "acts done by them in the exercise of their judicial functions" in CV 22-444 and the State Court Prosecution, respectively.  See Sakuma, 2009 WL 89119, at *3 (citations omitted).  Their rulings and orders in those cases were judicial acts, and there is no indication that those acts occurred "in the complete absence of all jurisdiction."  See id. (citations omitted).  Further, judicial immunity is not limited to claims for damages; it also applies to claims for declaratory and equitable relief.  See, e.g., Alvarez Acuna v. Fireside Thrift Co., No. CV-05-3876-PHX-JAT, 2006 WL 1312528, at *5 (D. Ariz. May 11, 2006) ("judicial immunity is not limited to immunity from damages, it also extends to actions for declaratory, injunctive, and other equitable relief" (citing Mullis, 828 F.2d at 1394)).  Judge Watson and Judge Laubach therefore have absolute judicial immunity from Martin and Green's claim for declaratory relief.

Martin and Green's Complaint fails to state a claim upon which relief can be granted, and it must be dismissed.  See Lopez, 203 F.3d at 1126-27.  Because it is absolutely clear that Martin and Green cannot cure the defect in their Complaint by amendment, the dismissal is with prejudice.  See Lucas, 66 F.3d

at 248.  Further, because the Complaint has been dismissed with prejudice, it is not necessary for this Court to address the issue of whether Martin and Green should be allowed to proceed in this case without the prepayment of fees and costs.

## CONCLUSION

For the foregoing reasons, Martin and Green's complaint, titled "Verified Emergency Cause of Action" and filed on October 30, 2022, is HEREBY DISMISSED WITH PREJUDICE.  In light of this ruling, Martin and Green's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on October 30, 2022, is DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **January 26, 2023,** unless Martin and Green file a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AUSTIN D. MARTIN, ET AL. VS. THE HONORABLE DERRICK K. WATSON, ETC; CV 22-00466 LEK-WRP; ORDER DISMISSING PETITIONERS' VERIFIED EMERGENCY CAUSE OF ACTION WITH PREJUDICE AND DENYING AS MOOT PETITIONERS' APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**